**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALI AMIRI,<br><br>    Petitioner,<br><br>  v.<br><br> ERIC H. HOLDER JR., Attorney General,<br><br>    Respondent. | No. 05-74938<br><br>Agency No. A072-997-695<br><br>MEMORANDUM [*] |
| ALI AMIRI,<br><br>    Petitioner,<br><br>  v.<br><br> ERIC H. HOLDER JR., Attorney General,<br><br>    Respondent. | No. 06-72018<br><br>Agency No. A072-997-695 |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted December 8, 2009
San Francisco, California

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before:     TASHIMA, GRABER and BYBEE, Circuit Judges.

Ali Amiri, a native and citizen of Iran, petitions for review of two decisions of the Board of Immigration Appeals ("BIA").[1] We have jurisdiction under 8 U.S.C. § 1252.

***Petition No. 05-74938***

In this first petition, the BIA summarily affirmed an immigration judge's ("IJ") decision to deny Amiri's application for asylum and withholding of removal on the basis of an adverse credibility finding. The BIA also implicitly denied Amiri's motion to reopen and remand for relief under the Convention Against Torture ("CAT"). Reviewing the adverse credibility finding for substantial evidence, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), and the denial of the motion to reopen for abuse of discretion, *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006), we grant the petition for review.

The IJ denied Amiri's application for asylum and withholding of deportation based on an adverse credibility finding. This finding was, in turn, based on supposed inconsistencies regarding Amiri's attempts to convert from Islam to

---

[1] Amiri also seeks review of a separate decision finding him ineligible for adjustment of status. Because Amiri did not timely seek review of that decision, we lack jurisdiction over it. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995).

2

Judaism.[2]  These inconsistencies were not true inconsistencies, *see Zahedi v. INS*, 222 F.3d 1157, 1167-68 (9th Cir. 2000), were trivial, *see Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005), or were purely speculative based on the IJ's personal beliefs about how a Muslim seeking to convert should act, *see Cosa v. Mukasey*, 543 F.3d 1066, 1070 (9th Cir. 2008).  Furthermore, the inconsistencies did not go to the heart of the claim*, see Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir. 2003),[3] – although Amiri's fear of persecution was primarily based on his abandonment of Islam, the IJ's adverse credibility finding focused on the sincerity of Amiri's desire to convert to Judaism.  Because the IJ's adverse credibility finding was not supported by substantial evidence, we accept Amiri's testimony as true.  *See Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004).

Regarding the BIA's denial of Amiri's motion to reopen for pursuit of CAT claims, we find no reversible error.  Although the BIA abused its discretion by failing to address the motion to reopen in its August 8, 2005 decision, this error is harmless because the BIA addressed the motion in its March 21, 2006 decision.

-----

[2]    The IJ also based his adverse credibility finding on the timing of Amiri's application for asylum.  Under the circumstances, the government concedes that this was an improper basis for the adverse credibility finding.

[3]    Because Amiri filed his asylum application before May 5, 2005, the REAL ID Act's provision expanding the permissible bases for an adverse credibility finding do not apply.  *See Yan Xia Zhu v. Mukasey*, 537 F.3d 1034, 1039 n.1 (9th Cir. 2008).

3

*See Mohammed v. Gonzales*, 400 F.3d 785, 792-93 (9th Cir. 2005). Furthermore, as the BIA noted, Amiri did not present a prima facie case under the CAT. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869-70 (9th Cir. 2003). Even if his testimony were credited, no evidence establishes that he would "more likely than not" be tortured. Although the Department of State's 2004 International Religious Freedom Report on Iran states that conversion from Islam can be punishable by death, the same report acknowledges that "there were no reported cases of the death penalty being applied for apostasy during the period covered by [the] report". Nor can Amiri qualify for CAT relief due to a likelihood of imprisonment for evading military service – such punishment cannot support a CAT claim because it arises from a lawful sanction and does not rise to the level of torture. *See* 8 C.F.R. § 208.18(a)(2), (3).

Accordingly, with respect to this petition, we vacate the IJ's adverse credibility finding and remand for the Attorney General to exercise his discretion on Amiri's asylum claim and for the BIA to determine whether he is entitled to withholding of removal. The BIA's order denying Amiri's motion to remand for pursuit of CAT claims is affirmed.

*Petition No. 06-72018*

4

Amiri's second petition, which challenges the BIA's denial of an additional motion to reopen, has been rendered moot by our grant of the petition in No. 05-74938. We therefore dismiss this petition.

**No. 05-74938, petition GRANTED.**

**No. 06-72018, petition DISMISSED.**